UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA PLAINTIFF

v. CRIMINAL ACTION NO. 3:25-CR-175-DJH

DONALD E. THOMAS DEFENDANT

**AGREED ORDER**

The United States, and the defendant, each by counsel, having agreed, and the Court being sufficiently advised, **IT IS HEREBY ORDERED** as follows:

(1) That prosecution of the matter herein is and shall be **DEFERRED** pursuant to written agreement between the United States and the defendant, for the purpose of allowing the defendant to demonstrate his good conduct. The written agreement **SHALL** be filed in the record of this matter.

(2) That all further criminal proceedings, including trial, are hereby **CONTINUED for a period of 18 months**; unless otherwise requested by a party hereto, no further proceedings will be scheduled by the Court.

(3) That within 30 days after defendant's successful completion of pretrial diversion, the United States **SHALL** file, pursuant to Rule 48, a Notice of Dismissal with prejudice of all charges filed in this action.

(4) Pursuant to 18 U.S.C. § 3161(h)(2), and without objection, the period during which this prosecution is delayed shall be and hereby is excluded from Speedy Trial Act calculations.

January 12, 2026

**David J. Hale, Chief Judge**
**United States District Court**

HAVE SEEN AND AGREED TO:

MICHAEL A. BENNETT
United States Attorney

*/s/ Amanda E. Gregory*
Amanda E. Gregory
Assistant U.S. Attorney

*/s/ Michael Goodwin w/ permission*
Michael Goodwin
Attorney for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that on January 7, 2026, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to opposing counsel.

*s/ Amanda E. Gregory*
Amanda E. Gregory
Assistant U.S. Attorney

UNITED STATES ATTORNEY
WESTERN DISTRICT OF KENTUCKY
PRETRIAL DIVERSION AGREEMENT

---

Donald E. Thomas (Defendant)
800 Cecil Ave
Louisville, KY 40211
(334) 819-6489

USAO FILE NO. 2023R00291

---

There is substantial evidence that you, Donald E. Thomas, have committed an offense against the United States, in that on or about and between September 2021 and January 2023, you represented to the National Credit Union Administration you were moving to and had moved to Orlando, Florida, and accepted over $1,000 in employee moving expenses and travel expenses from the National Credit Union Administration that were issued based on this representation, when in reality you had moved to and were living in Louisville, Kentucky, all in violation of Title 18, United States Code, Section 657. You have agreed to sign a waiver of indictment and agree to entry of an Information charging you with this crime. However, it appearing, after an investigation of the offense, and of your background, that the interest of the United States and your own interest will be served by deferring prosecution of the matter, in accordance with the following procedure:

On authority of the Attorney General of the United States, by Kyle G. Bumgarner, United States Attorney for the Western District of Kentucky, prosecution in this District for this offense shall be diverted for the period of 18 months after filing the information, provided you abide by the following conditions:

(1) You shall refrain from violation of any law (federal, state and local). You shall immediately contact your Probation Officer if arrested or questioned by a law enforcement officer.

(2) You shall associate only with law-abiding persons and maintain reasonable hours.

(3) You shall attend school or work regularly at a lawful occupation. If you stop working or are unable to attend school, you shall notify your Probation Officer at once. You shall consult him/her prior to job or school changes.

(4) You shall notify your Probation Officer immediately of any change in your place of residence.

(5) You shall follow the Probation Officer's instructions and advice.

(6) You shall report to the Probation Officer as directed.

(7) You shall pay restitution in the amount of $115,287.28 to:

National Credit Union Administration
Office of the Chief Financial Officer
1775 Duke Street
Alexandria, VA 22314

(8) You understand and stipulate that by entering into a pretrial diversion agreement for the crime set forth in the information, you will be prohibited, pursuant to Title 12, United States Code, Sections 1785(d) and 1829(a), from:

> Becoming, or continuing as, an institution-affiliated party, as defined by Title 12, United States Code, Sections 1786(r) and 1813(u) with respect to any insured credit union or insured depository institution;
>
> Owning and controlling, directly or indirectly, any insured credit union or insured depository institution; or
>
> Participating, directly or indirectly, in the conduct of the affairs of any insured credit union without the prior written consent of the National Credit Union Administration Board, or any insured depository institution without the prior written consent of the Federal Deposit Insurance Corporation.

You further understand and agree pursuant to the provisions of Title 12, United States Code, Sections 1785(d)(2) and 1829(a)(2) the National Credit Union Administration Board and the Federal Deposit Insurance Corporation may not provide such written consent during the 10-year period beginning on the date the conviction becomes final. You further understand the maximum penalty for violating Title 12, United States Code, Sections 1785(d) and 1829(a) is five years imprisonment, a $1,000,000 fine for each day a violation continues, or both.

During the period of pretrial diversion, the United States Attorney may:

(1) Revoke or modify any condition of this deferred prosecution;
(2) Change the period of supervision;
(3) Discharge you from supervision;
(4) Proceed with your prosecution for this offense if you violate these conditions.

If you comply with these conditions during the period of supervision, the United States Attorney will not pursue any further criminal prosecution against you in this district for any offense described in this agreement, and any charges filed for any offense described in this agreement will be dismissed with prejudice.

AGREED TO:

Kyle G. Bumgarner
United States Attorney

12-1-25

Amanda E. Gregory
Assistant U. S. Attorney

Date

12/1/2025

Donald Thomas
Defendant

Date

12/1/25

Michael Goodwin
Defense Counsel

Date

Divertee Waiver

I assert and acknowledge that the Sixth Amendment to the Constitution of the United States provides that in all criminal prosecutions the accused shall enjoy the right to a speedy and public trial. I also am aware that Rule 48(b) of the Federal Rules of Criminal Procedure provides that the Court may dismiss an indictment, information, or complaint for unnecessary delay in presenting a charge to the Grand Jury, filing an information or in bringing a defendant to trial. I hereby request the United States Attorney for the Western District of Kentucky to defer prosecution of the offense described in this agreement. I agree and consent that any delay from the date of this agreement to the date of initiation of prosecution, as provided for in the terms expressed herein, shall be deemed to be a necessary delay at my request, and I waive any defense to such prosecution on the ground that such delay operated to deny my rights under Rule 48(b) of the Federal Rules of Criminal Procedure and the Sixth Amendment to the Constitution of the United States to a speedy trial or to bar the prosecution by reason of the running of the statute of limitations for a period of months equal to the period of this agreement.

I further understand and agree that the Speedy Trial Act, at 18 U.S.C. Sec. 3161(h)(2), allows exclusion of any delay between the filing of an information or indictment and trial when prosecution is deferred pursuant to this written pretrial diversion agreement for the purpose of allowing me to demonstrate good conduct. I will join in filing an Agreed Order requesting that the Court continue all further criminal proceedings, including initial appearance and trial, and requesting such Court approval as may be necessary to allow me to participate in Pretrial Diversion and to exclude any such delay from the Speedy Trial Act calculations, if criminal charges are filed against me by information or indictment.

I further agree that pursuant to Fed. R. Crim. P. 7(b), that in the event I do not successfully complete the terms of this Pretrial Diversion agreement, I will waive indictment and agree in open court to be prosecuted by Information, either currently filed or to be filed.

I hereby state that I have read and understand the above Pretrial Diversion Agreement and Divertee Waiver. I understand the charges that have been or could be filed against me, and I understand the conditions of my pretrial diversion and agree that I will comply with them.

Donald Thomas
Defendant

12/1/2025
Date

Michael Goodwin
Defense Counsel

12/1/25
Date

I will accept supervision of the above-named individual.

[signature] 12/1/25

U.S. Probation Officer Date